IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BETTIE SMITH, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE BARNHART, )<br>Commissioner of Social Security, )<br>)<br>    Defendant. ) | CIVIL ACTION NO. 3:05cv174-C<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., alleging that she was unable to work because of a disability.  Her application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

this case and ordering the entry of final judgment.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).³

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A. Introduction.**  The plaintiff was 42 years old at the time of the hearing before the ALJ.  (R. 15).  She has a 12th grade education and has completed a six-month nursing program. (R. 225).  Her prior work experience includes work as a motel housekeeper.  (R. 16).  Following the hearing, the ALJ concluded that the plaintiff has severe impairments of

---

³*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

right knee pes bursitis, cervical and lumbar strain, and carpal tunnel syndrome.  (R. 20). Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform light work with restrictions,[4] and she can perform her past relevant work.  (R. 21).

**B. Plaintiff's Claims.**  The plaintiff presents three issues for the Court's review.[5] First, the plaintiff argues that the ALJ erred in his evaluation of the medical evidence because he ignored the records of the plaintiff's treating physician and thereby failed to accord any weight to those records.  Second, the plaintiff argues the ALJ failed to properly consider the effects of her medications on her ability to work.  Finally, the plaintiff contends that the ALJ failed to properly consider her subjective complaints of pain.

## IV. Discussion

The plaintiff raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence.  *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of all of the plaintiff's specific arguments because

---

[4] The ALJ found that the plaintiff has the residual functional capacity to perform light work "with gross handling and fine fingering limited to frequently, i.e. the right upper extremity, no concentrated exposure to hazardous equipment and slight to moderate pain."  (R. 21).

[5] The plaintiff was specifically directed to include in her brief a "Statement of the Issues" and "***in numbered paragraphs***, . . . state in a ***concise, specific manner*** each issue which the plaintiff presents to the court for resolution."  (Doc. # 5, p.2, ¶ 4) (emphasis in original) (footnote omitted).  Because the plaintiff failed to follow the court's directive, the court has had to decipher the issues raised by the plaintiff.  In so doing, the court is compelled to observe that in "presenting arguments to busy trial courts, subtlety is no virtue," *United States v. Reyes Vasquez*, 905 F.2d 1497, 1499 (11th Cir. 1990), and clarity is a virtue which should be sought by all advocates.

the court concludes that the ALJ erred as a matter of law when he failed to consider the medical records and opinions of the plaintiff's treating physician and the effects of her medications on her ability to work.

The plaintiff alleges that the ALJ improperly evaluated the medical evidence because he ignored the records and opinions of her treating physician, Dr. Ronnie Herring. The law of this circuit is clear that the evidence from a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997); *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). The Commissioner's regulations confirm the existence of the priority given treating physician opinions:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 CFR § 404.1527(d)(2). It is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight. *Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981).

An ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. *MacGregor v. Bowen*, 786 F.2d

1050, 1053 (11th Cir. 1986).  The requisite "good cause" for discounting a treating physician's opinion may exist where the opinion is not supported by the evidence, or where the evidence supports a contrary finding.  *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987).  Good cause may also exist where a doctor's opinions are merely conclusory or inconsistent with the doctor's medical records.  *See Jones v. Dept. of Health & Human Servs.*, 941 F.2d 1529, 1532-33 (11th Cir. 1991).

  The plaintiff alleges that the ALJ erred when he failed to consider the medical records and opinions of her treating physician, Dr. Herring.  The court agrees that the ALJ erred as a matter of law.  The ALJ in his opinion completely ignores the medical records of Dr. Herring and his colleague, Dr. Judit.  The Commissioner argues that "[t]he fact that the ALJ did not specifically discuss Dr. Herring's treating records does not mean he did not consider them.  The records which Plaintiff cites consist of Dr. Herring's notes of Plaintiff's visits with essentially the same information."  (Mem. in Supp. of the Comm'r's Decision, p. 4).  First, the Commissioner's argument is purely speculative.  Neither the Commissioner nor the court can ascertain from the ALJ's decision whether or not the ALJ considered Dr. Herring's records.  Second, the Commissioner's argument that Dr. Herring's records contain "essentially the same information" as other records is disingenuous, particularly in light of the Commissioner's concession that Dr. Herring "repeatedly diagnosed Plaintiff with right knee bursitis *along with other conditions*." (*Id.*) (emphasis added).  In fact, it appears from a review of those records that the ALJ did not consider them.  It is undisputed that Dr. Herring or his associate, Dr. Judit, treated the plaintiff from November 7, 2002 until May 12,

2004. (R. 185-211). During that time, Dr. Herring diagnosed the plaintiff as suffering from depression and anxiety (R. 187, 188, 195, 196); GERD[6] (R. 187, 188, 191, 192, 194, 195, 202, 211); OA/DJD[7] (R. 185, 198, 205, 207, 210); and chronic daily headaches (R. 187, 208, 209). Yet, the ALJ mentions none of these conditions in his decision.[8]

An ALJ may not arbitrarily pick and choose facts from the medical evidence to support his conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839, 840-841 (11th Cir. 1992). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). "Failure to do so requires the case be vacated and remanded for the proper consideration." *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985).

Furthermore, the ALJ was required to consider whether the plaintiff experienced any side effects from her medications, and if so, whether those side effects impacted her ability to work. The side effects of medication may render a claimant disabled or at least contribute to a disability. *Cowart*, 662 F.2d at 737. However, because the ALJ failed to consider Dr. Herring's medical records, it follows that he did not consider whether the plaintiff suffered

---

[6] GERD is the medical abbreviation for Gastroesophageal Reflux Disease.

[7] OA/DJD is the medical abbreviation for Osteoarthritis/Degenerative Joint Disease.

[8]The ALJ mentions that the plaintiff testified she was taking Zoloft but the plaintiff's testimony does not indicate that the ALJ reviewed or considered Dr. Herring's notes which show he prescribed this anti-depressant drug.

from any side effects from her medications, or whether those side effects affected her ability to work. The plaintiff testified that she experiences drowsiness from her medications. (R. 244). The record demonstrates that the plaintiff is currently taking Hydrocodone,[9] Neurontin,[10] Lorazepam,[11] Baclofen,[12] Zoloft,[13] Nortriptyline,[14] apap/butal/caffieine,[15] over the counter pain medication, and Nexium.[16] (R. 84). The ALJ simply ignored evidence that the plaintiffs takes a number of medications that have side effects that include dizziness, vomiting and drowsiness.

Finally, in light of the ALJ's failure to fully and fairly consider all the evidence in the record in this case, doubt is necessarily cast on the ALJ's articulated reasons for discrediting

---

[9] Hydrocodone is pain medication used to control moderate to severe pain. http://www.rxlist.com/cgi/generic/hydrocod_pi.htm. Side effects include lightheadedness, dizziness, drowsiness, lethargy, nausea and vomiting. http://www.rxlist.com/cgi/generic/hydrocod_ad.htm.

[10] Neurontin is also used to control severe pain. http://www.rxlist.com/cgi/generic/gabapent_ids.htm. Common side effects include dizziness and somnolence. *Id*. at gabapent_ad.htm.

[11] Lorazepam is used to treat anxiety, depression and insomnia. It may cause drowsiness and dizziness. http://www.rxlist.com/cgi/generic/loraz_pi.htm.

[12] Baclofen is used to treat spasticity from multiple sclerosis but is also used to relax muscle spasms and ease pain. http://www.rxlist.com/cgi/generic/baclofen_ids.htm. Side effects include possible sedation. *Id*. at baclofen_pi.htm.

[13] Zoloft is used to treat major depressive disorder but studies have demonstrated a wide vareity of side effects associated with its use.   http://www.rxlist.com/cgi/generic/sertral_ids.htm and sertral_ad.htm.

[14] Nortriptyline is an anti-depressant with multiple adverse side effects demonstrated by clinical studies. http://www.rxlist.com/cgi/generic4/aventyl_ad.htm.

[15] Butalbital/Apap/Caffeine is used to treat complex tension headaches and may cause drowsiness, dizziness, nausea, vomiting, and abdominal pain. http://www.rxlist.com/cgi/generic/esgic_ids.htm and esgic_ad.htm.

[16] Nexium is used to treat GERD. http://www.rxlist.com/cgi/generic3/esomeprazole_ids.htm.

the plaintiff's testimony.  Consequently, because of the ALJ's inadequate consideration of the medical evidence, the court is unable to determine what evidence the ALJ relied upon to reach his decision, and whether that decision is supported by substantial evidence.  Thus, the court concludes that the ALJ erred as a matter of law, and this case should be remanded to the Commissioner for further proceedings consistent with this opinion.  A separate final judgment will be entered.

      Done this 26th day of September, 2005.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE